This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                    **No. 33,119**

**MARK MARTINEZ-THORMAN,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Stan Whitaker, District Judge**

Hector H. Balderas, Attorney General
Margaret McLean, Assistant Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Steven J. Forsberg, Assistant Appellate Defender
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**ZAMORA, Judge.**

{1}     Defendant appeals from the district court's judgment and sentence convicting him of possession of a controlled substance and sentencing him to nine and a half

years under the habitual offender statute. On appeal, Defendant argues: (1) he was illegally seized and evidence obtained as a result of the seizure should have been suppressed; (2) insufficient evidence was presented to support his conviction; and (3) he was denied effective assistance of counsel. The State concedes the merits of Defendant's seizure claim and does not answer Defendant's arguments related to sufficiency of the evidence and ineffective assistance of counsel.

{2}     We are not bound by the State's concession that Defendant's seizure was unlawful. *State v. Guerra*, 2012-NMSC-027, ¶ 9, 284 P.3d 1076; *see State v. Caldwell*, 2008-NMCA-049, ¶ 8, 143 N.M. 792, 182 P.3d 775 ("This Court, however, is not bound by the [s]tate's concession[,] and we conduct our own analysis[.]"). Our review of the trial testimony, along with a lapel recording of Defendant's encounter with police introduced at trial, supports the State's position that Defendant was improperly seized and that the physical evidence recovered as a result of that seizure should have been suppressed. *See State v. Martinez*, 2015-NMCA-___, ¶ 15, ___P.3d ___ (No. 32,516, Jan. 6, 2015) ("[R]eviewing a video by itself is like reviewing any other documentary evidence, and we are in as good a position as the district court to view the video and interpret what it shows."). We accept the State's concession and reverse Defendant's conviction on that basis.

{3}     Defendant contends that without the physical evidence there is insufficient evidence to support his conviction. Because the State does not argue that sufficient evidence exists, we conclude that Defendant is entitled to a dismissal rather than a new trial. *See State v. Templeton*, 2007-NMCA-108, ¶ 27, 142 N.M. 369, 165 P.3d 1145 (explaining that the defendant "would be entitled to a dismissal of the charges on remand if the evidence adduced at trial was insufficient to support the conviction" (alteration, internal quotation marks, and citation omitted)). Therefore, Defendant's ineffective assistance claim is moot. *See Crutchfield v. N.M. Dep't of Taxation & Revenue*, 2005-NMCA-022, ¶ 36, 137 N.M. 26, 106 P.3d 1273 ("A reviewing court generally does not decide academic or moot questions.").

**CONCLUSION**

{4}     For the foregoing reasons we reverse.

{5}     **IT IS SO ORDERED.**

_____
**M. MONICA ZAMORA, Judge**

**WE CONCUR:**

_____
**MICHAEL D. BUSTAMANTE, Judge**

_____
**JONATHAN B. SUTIN, Judge**

3